Filed 8/26/15  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ALBERT LOPEZ,<br><br>    Defendant and Appellant. | D067581<br><br><br><br>(Super. Ct. No. SCD255791) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

William Lopez pled guilty to two counts of possession of a forged California identification card or driver's license and one count of obtaining personal identifying information with intent to defraud, and admitted a strike prior conviction.

Lopez's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth the factual and procedural background of the case and possible but not arguable issues. Counsel presents no argument for reversal but requests that we review the entire record for error. We granted Lopez permission to file a brief on his own behalf, and he has not responded. We have reviewed the entire record and conclude there are no arguable issues. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2014, the police stopped Lopez because he was driving a vehicle with expired registration.[1] During the traffic stop, the police found defendant in possession of a counterfeit California identification card (i.e., with defendant's photograph but someone else's name). On August 8, 2014, the police arrested another individual at a hotel, and during the ensuing investigation found a variety of items reflecting defendant's possession of numerous counterfeit instruments (including a California driver's license and a checkbook) and a burglary tool. Further investigation revealed that on August 5, 2014, defendant had used forged checks at various retail outlets, and on August 1, 2014, he had rented a self-service storage unit using another person's identifying information on a counterfeit driver's license.

Based on this conduct, defendant was charged with 15 counts of various forgery-related and other offenses, including possession of a forged driver's license or California

---

[1]     Our summation of the facts is from the probation report.

identification card, counterfeiting a seal, using another's personal identifying information, forgery of another's handwriting, possession of blank forged check, possession of completed forged check, burglary, possession of burglary tool, giving false identification to an officer, and acquiring personal identifying information with intent to defraud. Eight of the counts included an enhancement allegation for an offense committed while the defendant was released on bail or on his own recognizance. The complaint also alleged 11 prior prison terms and one strike prior conviction.

On November 20, 2014, defendant pled guilty to three of the counts and admitted the strike prior conviction, and the remaining charges were dismissed. He pled guilty to: (1) count 1, possession of a forged California identification card (Pen. Code,[2] § 470b) on May 1, 2014; (2) count 5, possession of a forged driver's license on August 1, 2014; and (3) count 13, the misdemeanor offense of acquiring personal identifying information with intent to defraud (§ 530.5, subd. (c)(1)) on August 8, 2014. The parties stipulated that he would receive a four-year sentence, consisting of 32 months on count 1 (the 16-month lower term, doubled based on the strike) and 16 months on count 5 (one-third the two-year middle term (eight months)), doubled based on the strike). Defendant initialed the portions of the guilty plea form reflecting that he had been advised of and was waiving the various constitutional rights. Also, at the change of plea hearing the court asked defendant if he agreed to waive his constitutional rights, and defendant responded affirmatively.

---

[2]     Subsequent unspecified statutory references are to the Penal Code.

On February 6, 2015, the court denied defendant's *Marsden*[3] motion. That same date, the court imposed the four-year sentence.

## DISCUSSION

Appellate counsel has set forth the following possible but not arguable issues: (1) whether Lopez was sentenced in accordance with the term of his plea agreement, and (2) whether Lopez entered his plea freely and voluntarily.

We have examined the record for error, including the possible issues identified by appellate counsel, and conclude there are no reasonably arguable appellate issues. Competent counsel has represented Lopez on this appeal.

## DISPOSITION

The judgment is affirmed.

HALLER, Acting P.J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

---

3       *People v. Marsden* (1970) 2 Cal.3d 118.